**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| |
|---|
| DAVID KISSI,<br><br>                    Petitioner,<br><br>      v.<br><br>THOMAS SIMMONS, *et al.*,<br><br>                    Respondents. |

Civil Action No. 09-1304 (RBW)

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on David Kissi's petition for a writ of habeas corpus.  The

petition will be dismissed for lack of subject matter jurisdiction.

In the United States District Court for the Southern District of West Virginia, a jury found

petitioner guilty of two counts of bankruptcy fraud, three counts of obstruction of justice, and

two counts of contempt.  *See* Writ of Habeas Corpus Petition ("Pet.")[1], Attachment ("Attach.")

(Judgment in a Criminal Case, Case No. 8:05-cr-00254) at 31.  On August 10, 2007, the

petitioner was sentenced to a prison term of 30 months and one day.  *Id.* at 32.

In this action, petitioner attempts a collateral challenge to his conviction and sentence by

attacking the arrest warrant and the affidavit on which it was based, alleging that witnesses

offered perjured testimony at trial, and that judges, clerks, court reporters, and attorneys involved

in court proceedings in both the criminal action and in bankruptcy proceedings before United

---

[1]      The filing is actually titled "In Re: Writ of Habeas Corpus Pursuant To 5 USC
§ 706 2(A)(B)(D)(F) and 28 USC § 2241(c)(3)."

States Bankruptcy Court for the District of Maryland committed acts of misconduct.  *See generally* Pet.  Petitioner demands his immediate release.[2]  *See id.* at 7. Challenges of this nature must be presented to the sentencing court in a motion under 28 U.S.C. § 2255.  *See Morrison v. Guzik*, Nos. 97-6351, 97-6416, 1998 WL 380539, at *2 (10th Cir. June 30, 1998) (concluding that a habeas petition asserting a "claim . . . ultimately predicated on his contention that the trial court erred when it imposed a sentence that exceeded the statutory maximum" is properly brought before the sentencing court by a § 2255 motion); *Ojo v. Immigration & Naturalization Serv.*,106 F.3d 680, 683 (5th Cir. 1997) (finding that a motion under § 2255 "is the proper means of attacking errors that occurred during or before sentencing"); *Lopez v. Mukasey*, No. 08-0717, 2008 WL 1985232, at *1 (D.D.C. May 5, 2008) (dismissing petition for lack of jurisdiction "[b]ecause petitioner  is challenging his conviction, [and] his recourse lies in a motion under 28 U.S.C. § 2255" before the United States District Court for the Northern District of Texas).

Section 2255 provides specifically that:

> [a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to vacate, set aside or correct the sentence.*

28 U.S.C. § 2255(a) (emphasis added).  Moreover, the opportunity to challenge a conviction by a motion to vacate the sentence generally precludes a challenge by means of a petition for habeas corpus:

---

[2]        According to the Federal Bureau of Prisons' Inmate Locator, petitioner's projected release date is August 30, 2009.

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [28 U.S.C. § 2255], *shall not be entertained* if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e) (emphasis added).

The Court therefore will dismiss the petition without prejudice.  An Order consistent with this Memorandum Opinion is issued separately on this same date.

SIGNED on this 31st day of July, 2009.

_____/s/_____
REGGIE B. WALTON
United States District Judge